1  Peter E. Perkowski (SBN 199491)
   peter@perkowskilegal.com
2  PERKOWSKI LEGAL, PC
   445 S. Figueroa Street, Suite 3100
3  Los Angeles, California 90071
   Telephone: (213) 426-2137
4

5  Attorney for Plaintiffs
   NY BLACK AND GOLD CORPORATION *and*
6  ELIZABETH WATERMAN

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10 NY BLACK AND GOLD                | Case No.: 2:21-cv-1880
   CORPORATION, ELIZABETH           |
11 WATERMAN,                         | **COMPLAINT FOR COPYRIGHT INFRINGEMENT**
12           *Plaintiffs*,           | *Jury Trial Demanded*
13 v.
14 BUZZFEED, INC.,
15           *Defendant*.
16

17

18        Plaintiffs NY Black and Gold Corporation, doing business as Black + Gold

19 Corporation, and Elizabeth Waterman, for their Complaint against defendant

20 BuzzFeed, Inc., allege as follows:

21        1.      This is an action for copyright infringement by plaintiffs, the holders of

22 the copyrights to the photographs described below, against defendant for uses of the

23 photographs without authorization or permission.

24                        **JURISDICTION**

25        2.      This action arises under the Copyright Act of 1976, Title 17 U.S.C.

26 § 101 et seq. This Court therefore has jurisdiction over the subject matter of this

27 action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

28

## PARTIES

### *Plaintiffs*

3.     Plaintiff NY Black and Gold Corporation is a commercial photography and social media agency organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California.

4.     Plaintiff NY Black and Gold Corporation is the successor-in-interest, by merger, to Black + Gold Corporation, an entity that was previously organized and existing under the laws of the State of New York.

5.     Plaintiff NY Black and Gold Corporation is doing business as Black + Gold Corporation.

6.     Black + Gold specializes in creating high quality photographs for its clients combined with innovative social media marketing strategies.

7.     Plaintiff Elizabeth Waterman is the CEO and Creative Director of Black + Gold. Apart from her duties as CEO, Waterman also serves as a photographer. Waterman is domiciled in Los Angeles, California.

8.     Joinder of plaintiffs Black + Gold and Elizabeth Waterman is appropriate under Rule 20 of the Federal Rules of Civil Procedure.

### *Defendant*

9.     On information and belief, defendant BuzzFeed, Inc. is a corporation organized and existing under the laws of the State of Delaware with a headquarters in New York and a principal place of business in Los Angeles.

10.     BuzzFeed is an American Internet media, news, and entertainment company with a focus on digital media. According to its website, "BuzzFeed is the leading independent digital media company delivering news and entertainment to hundreds of millions of people around the world."

11.     On information and belief, Buzzfeed is the owner and operator of the websites accessible at www.buzzfeed.com and www.buzzfeednews.com.

COMPLAINT

***Personal Jurisdiction***

12.     This Court has personal jurisdiction over defendant BuzzFeed because it has a principal place of business in Los Angeles, California, such that it can be said to be "at home" here.

13.     Specifically, Los Angeles is the location where BuzzFeed headquarters its motion picture, film, and studio business as well as the portion of its news reporting and investigative journalism business that focuses on the entertainment industry—film, television, and celebrities.

14.     On information and belief, according to metrics provided on the work and career social media website LinkedIn, BuzzFeed employs upwards of 400 employees and/or independent contractors in the Greater Los Angeles Area out of just over 1,300 of its total employees and/or contractors in the United States.

15.     Alternatively, BuzzFeed has significant contacts California, and the claims arise out of those contacts.

***Venue***

16.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(a).

**FACTS SUPPORTING ALL CLAIMS**

17.     Defendant BuzzFeed used four of plaintiffs' photographs (the "Photographs") without authorization, permission, license, or justification, as follows:

***Infringements***

18.     Black + Gold is the owner and exclusive copyright holder of a photographic image depicting Moroccan Oil mending cream and hair spray meticulously arranged over a circular marble coaster ("Photograph 1"). Photograph 1 was originally created for Black + Gold's client Moroccan Oil and was delivered to the client on April 1, 2019. Photograph 1 was registered with the United States Copyright Office as Registration No. VA 2-212-798 (eff. Jul. 10, 2020).

COMPLAINT

19.     Black + Gold never licensed Photograph 1 to BuzzFeed. Nevertheless, BuzzFeed used Photograph 1 without authorization or permission from Black + Gold to do so.

20.     Specifically, BuzzFeed or its agents copied Photograph 1 and distributed it on its Website on June 19, 2020, available at https://www.buzzfeed.com/brittaneytrent/products-thatll-manage-your-split-ends-period.

21.     At the time of this complaint, the infringing work containing Photograph 1 is still available on BuzzFeed's website.

22.     Black + Gold is the owner and exclusive copyright holder a photographic image depicting ELASTIderm Eye Treatment Cream positioned on a smooth white surface in front of a pair of reading classes and a few books ("Photograph 2"). Photograph 2 was created for Black + Gold's client Obagi and was initially delivered to the client on August 1, 2017. Photograph 2 was registered with the United States Copyright Office as Registration No. VA 2-205-490 (eff. Apr. 27, 2020).

23.     Black + Gold never licensed Photograph 2 to BuzzFeed. Nevertheless, BuzzFeed used Photograph 2 without authorization or permission from Black + Gold to do so.

24.     Specifically, BuzzFeed or its agents copied Photograph 2 and distributed it on its website on August 23, 2018, available at https://www.buzzfeed.com/kaylasuazo/things-from-dermstore-that-people-actually-swear-by.

25.     Additionally, BuzzFeed or its agents copied Photograph 2 and distributed it on its website on November 28, 2019, available at https://www.buzzfeed.com/kaylasuazo/dermstore-sale-2019.

26.     At the time of this complaint, the infringing works containing Photograph 2 are still available on BuzzFeed's website.

COMPLAINT

27.     Black + Gold is the owner and exclusive copyright holder a photographic image depicting four tubes of Marvis Classic Strong Mint Toothpaste arranged in a row with the cap to the toothpaste, a dab of the toothpaste, and a mint leaf positioned under each of the last three toothpaste dispensers in the row ("Photograph 3"). Photograph 3 was created for Black + Gold's client Marvis and was initially delivered to the client on July 1, 2017. Photograph 3 was registered with the United States Copyright Office as Registration No. VA 2-205-488 (eff. Apr. 23, 2020).

28.     Black + Gold never licensed Photograph 3 to BuzzFeed. Nevertheless, BuzzFeed used Photograph 3 without authorization or permission from Black + Gold to do so.

29.     Specifically, BuzzFeed or its agents copied Photograph 3 and distributed it on its website on June 19, 2019, available at

https://www.buzzfeed.com/elenamgarcia/tsa-friendly-products-for-your-next-trip.

30.     At the time of this complaint, the infringing work containing Photograph 3 is still available on BuzzFeed's website.

31.     Elizabeth Waterman is the owner and exclusive copyright holder of a photographic image depicting prominent U.S. attorney and women's rights activist Saundra Fluke with her arms crossed in front of a white background ("Photograph 4"). Photograph 4 was created for Elizabeth Waterman's clients Ms. Magazine and Saundra Fluke. Photograph 4 was registered with the United States Copyright Office as Registration No. VA 2-226-883 (eff. Oct. 12, 2020).

32.     Elizabeth Waterman never licensed Photograph 4 to BuzzFeed. Nevertheless, BuzzFeed used Photograph 4 without authorization or permission from Black + Gold to do so.

33.     Specifically, BuzzFeed or its agents copied Photograph 4 and distributed it on its website on September 19, 2013, available at

COMPLAINT

1   https://www.buzzfeednews.com/article/bennyjohnson/dancing-with-the-stars-
2   political-dream-couples.

3       34.   Plaintiff Elizabeth Waterman discovered the infringing work containing
4   Photograph 4 on or about October 21, 2020.

5       35.   At the time of this complaint, the infringing work containing
6   Photograph 4 is still available on BuzzFeed's website.

7       36.   At the time that defendant copied and distributed the Photographs, it
8   knew that it did not have authorization to do so or acted in reckless disregard of
9   plaintiffs' rights to control the reproduction and display of the Photographs.

**CLAIM ONE**

**(For Copyright Infringement, 17 U.S.C. § 501)**

12      37.   Black + Gold realleges and incorporates by reference the allegations
13  contained in the preceding paragraphs of this Complaint as if fully set forth here.

14      38.   Black + Gold is the author and or/copyright owner of the protected
15  Photographs 1 - 3 named above in this Complaint.

16      39.   Defendant has reproduced, displayed, distributed or otherwise copied
17  Photographs 1 - 3 without Black + Gold's authorization or license.

18      40.   The foregoing acts of defendant infringed upon the exclusive rights
19  granted to photographers under 17 U.S.C. § 106 to display, reproduce, and distribute
20  their work to the public. Such actions and conduct constitute copyright infringement
21  in violation of 17 U.S.C. §§ 501 et seq.

22      41.   Black + Gold has complied in all respects with 17 U.S.C §§ 101 et seq.
23  and secured and registered the exclusive rights and privileges in and to the copyrights
24  of the above-referenced works in accordance with 17 U.S.C § 408.

25      42.   Black + Gold suffered damages as a result of defendant's unauthorized
26  use of the Photographs.

27

28

COMPLAINT

43.     Black + Gold is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Photographs, under 17 U.S.C. § 504(b).

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement)

44.     Black + Gold realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

45.     If defendant is not liable as direct infringers of Photographs 1 - 3, it is secondarily liable for the infringements directly committed by individual employees, contractors, or other infringers presently unknown (the "Direct Infringers").

46.     Defendant contributed to, induced, or assisted infringements by the Direct Infringers. Those Direct Infringers infringed while acting under defendant's direction and control and/or using technology, facilities, and support services provided by defendant.

47.     Defendant had, or should have had, knowledge of the infringements of the Direct Infringers. Further, Photographs 1 - 3 were published on defendant's websites and defendant was, or should have been, aware of that fact. As the owner of the websites, defendant knew or should have known that they did not have licenses to use Photographs.

48.     Defendant had the right and ability to supervise the infringing activity that all the Direct Infringers committed because the infringements occurred on its website.

49.     Defendant obtained some financial benefit from the infringement of Black + Gold's rights in Photographs 1 - 3 because defendant has monetized its websites, and because the Photographs were a draw for viewers regardless of the revenue received from any specific use. Accordingly, defendant had an incentive to permit and even encourage infringement by the Direct Infringers.

50.     As a direct and proximate result of said acts of secondary infringement, Black + Gold has suffered substantial damages in an amount to be proven at trial.

51.     Black + Gold is entitled to actual damages and disgorgement of direct and indirect profits realized by Defendant in an amount to be proven at trial or, at its election, statutory damages.

## CLAIM THREE

### (For Copyright Infringement, 17 U.S.C. § 501)

52.     Elizabeth Waterman realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

53.     Elizabeth Waterman is the author and or/copyright owner of the protected Photograph 4 named above in this Complaint.

54.     Defendant has reproduced, displayed, distributed or otherwise copied Photograph 4 without Elizabeth Waterman's authorization or license.

55.     The foregoing acts of defendant infringed upon the exclusive rights granted to photographers under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

56.     Elizabeth Waterman has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

57.     Elizabeth Waterman suffered damages as a result of defendant's unauthorized use of the Photographs.

58.     Elizabeth Waterman is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Photographs, under 17 U.S.C. § 504(b).

COMPLAINT

**CLAIM FOUR**

**(For Vicarious and/or Copyright Infringement)**

59.     Elizabeth Waterman realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

60.     If defendant is not liable as direct infringers of Photograph 4, it is secondarily liable for the infringements directly committed by individual employees, contractors, or other infringers presently unknown (the "Direct Infringers").

61.     Defendant contributed to, induced, or assisted infringements by the Direct Infringers. Those Direct Infringers infringed while acting under defendant's direction and control and/or using technology, facilities, and support services provided by defendant.

62.     Defendant had, or should have had, knowledge of the infringements of the Direct Infringers. Further, Photograph 4 was published on defendant's website and defendant was, or should have been, aware of that fact. As the owner of the website, defendant knew or should have known that they did not have licenses to use Photographs.

63.     Defendant had the right and ability to supervise the infringing activity that all the Direct Infringers committed because the infringements occurred on its website.

64.     Defendant obtained some financial benefit from the infringement of Elizabeth Waterman's rights in Photograph 4 because defendant has monetized its website, and because the Photographs were a draw for viewers regardless of the revenue received from any specific use. Accordingly, defendant had an incentive to permit and even encourage infringement by the Direct Infringers.

65.     As a direct and proximate result of said acts of secondary infringement, Elizabeth Waterman has suffered substantial damages in an amount to be proven at trial.

COMPLAINT

66.     Elizabeth Waterman is entitled to actual damages and disgorgement of direct and indirect profits realized by Defendant in an amount to be proven at trial or, at its election, statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Black + Gold requests the following:

A.     For a preliminary and permanent injunction against Defendant and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell the Photographs;

B.     For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiffs arising from the acts of infringement;

C.     As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiffs' copyrights—including digital copies or any other means by which they could be used again by defendant without authorization—as well as all related records and documents;

D.     For actual damages and all profits derived from the unauthorized use of the Photographs;

E.     For an award of pre-judgment interest as allowed by law;

F.     For reasonable attorney fees;

G.     For costs and expenses, and all other costs authorized under law;

H.     For such other and further relief as the Court deems just and proper.

///

///

COMPLAINT

1

**JURY TRIAL DEMAND**

2

Plaintiffs demand a trial by jury of all issues permitted by law.

3

4          Dated:  February 27, 2021          Respectfully submitted,

5                                             **PERKOWSKI LEGAL, PC**

6

7                                             By:    /s/ Peter Perkowski
                                                     Peter E. Perkowski
8
                                                     Attorney for Plaintiffs
9                                                    NY BLACK AND GOLD CORPORATION *and*
                                                     ELIZABETH WATERMAN
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT